The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with some technical modifications, as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 26 years old with a date of birth of 9 February 1968. Before working for the defendant, plaintiff had worked in construction. In September 1991 plaintiff started working for defendant in a job painting road markers. On 29 April 1992 plaintiff sustained an admittedly compensable injury by accident when he jumped from a truck and cut his right leg on the tail gate.
2. Plaintiff has a history of infections. In 1986 (plaintiff 18 years old) plaintiff cut his arm at work, and the cut became infected. In 1990 and 1991 Dr. Terry Lee treated plaintiff for wounds which had become infected.
3. Shortly after the accident in April 1992, the cut on plaintiff's right leg became infected. Because of the infection and because of medical complications, plaintiff would be out of work from 30 April 1992 through 19 November 1993. Defendants would pay plaintiff disability and medical compensation in the amount of $99,383.55.
4. Plaintiff's primary treating physician for his infection was Dr. Michael Cogburn, a dermatologist. Initially, Dr. Cogburn was unable to determine a cause for plaintiff's recurring infections of his right leg; and Dr. Cogburn referred plaintiff to a number of doctors, including the Department of Dermatology at the Bowman Gary School of Medicine and the University of North Carolina School of Medicine.
5. Early in his treatment, plaintiff's doctors were concerned that plaintiff was causing his infections. On 23 June 1992, about two months after his accident, Dr. Lee wrote that he was concerned that plaintiff was "manipulating" his wounds and that plaintiff was not being compliant with recommended treatment. Dr. Lee was familiar with plaintiff's history of infections, because Dr. Lee had treated plaintiff for his earlier infections.
6. Dr. Cogburn referred plaintiff to the University of North Carolina to determine if there was a "facticial" origin to plaintiff's condition. Plaintiff left the hospital before receiving any treatment, and he told the doctors at the University of North Carolina that he had to leave because his daughter was ill and had been admitted to a hospital. When Dr. Cogburn learned that plaintiff had left the University of North Carolina because of his daughter's illness, Dr. Cogburn called local hospitals and learned that plaintiff's daughter was not a patient in any of the hospitals.
7. The undersigned find that the recurrent infections on plaintiff's right leg were not the natural and probable result of the cut plaintiff sustained in his accident. Instead, the infections were of a factitious origin, in that plaintiff caused the infections. The finding is based, in part, on the following:
 1. Dr. Cogburn was of the opinion that plaintiff caused his infections,
 2. No other explanation has been given for plaintiff's recurring infections,
 3. Other doctors have considered the possibility that plaintiff has caused his infections,
 4. Plaintiff left the University of North Carolina before they were able to determine a cause for his recurrent infections, and
 5. Dr. Cogburn noted that new ulcers would appear where plaintiff could reach under his dressings.
Dr. Noto, a general surgeon, was of the opinion that plaintiff did not cause his infections, although he did not offer any other explanation for the cause, or the sudden cure. Dr. Cogburn was asked if an allergic reaction would cause plaintiff's condition; and Dr. Cogburn was of the opinion that it would not because plaintiff's condition improved and relapsed, as opposed to getting steadily worse which would be expected with an allergy. Dr. Cogburn's opinions are accepted as credible and convincing as he was plaintiff's primary treating physician, and they are thus given greater weight by the undersigned.
8. Plaintiff's infections were treated with strong antibiotics. Although the antibiotics caused gastro-intestinal problems, those problems were not the natural and probable results of the cut on plaintiff's right leg which he received in his accident of April 1992.
9. As a result of the accident of April 1992, plaintiff has not sustained any permanent partial impairments.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. As a result of the injury by accident of 29 April 1992, plaintiff is not entitled to any permanent partial disability compensation. N.C.G.S. § 97-31.
2. Plaintiff is entitled to the payment of all medical treatment incurred, or to be incurred, as a result of the injury by accident of 29 April 1992. Said medical treatment shall not include any treatment for infections plaintiff has received or treatment for any gastro-intestinal problems. N.C.G.S. § 97-25.
3. Plaintiff has argued on appeal that once an approved Form 21 was in place accepting plaintiff's injury and resulting disability as compensable, the burden of proof shifted from plaintiff to defendant. This is indeed the case. However, defendant has sufficiently and convincingly proven that any problems from which plaintiff suffered past November 19, 1993, and probably for some time before that date, were not caused by or the natural and probable result of the cut plaintiff sustained in his April 29, 1992 compensable accident. Thus any disability plaintiff sustained following that period of time would not be related or compensable.
* * * * * * * * * * *
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for additional compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own cost, except that defendants shall pay an expert witness fee in the amount of $300.00 to Dr. Cogburn, $300.00 to Dr. Spillman and $700.00 to Dr. Noto.
This the __________ day of ________________________, 1996.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm
06/20/96